**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTEN GOLDSTEIN SHAFKOWITZ, | CIVIL ACTION |
| Plaintiff, | No. |
| v. | |
| MACY'S INC., BLOOMINGDALES, INC., & RODGER BLAZEK, | JURY TRIAL DEMANDED |
| Defendants. | |

## COMPLAINT

Plaintiff, Christen Goldstein-Shafkowitz ("Plaintiff"), by and through her undersigned counsel, hereby files the instant Complaint against Defendants Macy's, Inc. ("Macy's"), Bloomingdales, Inc. ("Bloomingdale's"), and Rodger Blazek ("Blazek" and, together with Macy's and Bloomingdales, the "Defendants"). In support thereof, Plaintiff states as follows.

## INTRODUCTION

1.       This action is brought by Plaintiff seeking redress for systemic practices of gender discrimination, sexual harassment, and retaliation by Defendants in violation of Title VII of the 1964 Civil Rights Act and the Pennsylvania Human Relations Act of 1955, P.L. 744, No. 222, as amended June 25, 1997 by Act 34 of 1997, 43 P.S. §§ 951- 963.

2.       This Complaint further alleges violations of Pennsylvania common law by Macy's and Bloomingdale's, including claims of wrongful supervision and retention of Defendant Blazek, negligent supervision and retention of Defendant Blazek, intentional infliction of emotional distress, and negligent infliction of emotional distress.

3.      Regarding Defendant Blazek, Plaintiff alleges violations of the Pennsylvania Human Relations Act, as well as violations of Pennsylvania common law including false imprisonment, assault, battery, and intentional infliction of emotional distress.

4.      As stated in further detail herein, Defendant Blazek subjected Plaintiff to a sexually hostile work environment, assault, battery, and false imprisonment.  Bloomingdale's was placed on notice of Blazek's unlawful acts by Plaintiff, as well as other victims and observers.   Instead of conducting a proper investigation of the matter, Macy's and Bloomingdale's sought to cover up Blazek's actions by conducting an "investigation" designed to protect Blazek at the expense of Blazek's various victims, including Plaintiff.

5.      It is believed, and therefore averred, that Blazek's wife, Christina Blazek, who was at all times relevant to this Complaint a high-level Human Resources Executive for Macy's and Bloomingdale's (along with other high-level male executives and managers who worked closely with Blazek in his prior corporate role with Macy's and Bloomingdale's) improperly interfered with the "investigation" in order to preserve Blazek's employment.

6.      Despite incontrovertible evidence of Blazek's severe and pervasive sexual harassment toward multiple women while serving as General Manager for Macy's and Bloomingdale's, including, *inter alia,* the unlawful harassment of Plaintiff, Bloomingdale's and Macy's returned Blazek to his position of power and authority over his victims, including Plaintiff, while taking no adequate remedial action.

7.      When Plaintiff complained about Macy's and Bloomingdale's refusal to properly address Blazek's sexual harassment, Macy's, and Bloomingdale's retaliated against Plaintiff for reporting Blazek and explicitly refused to take appropriate remedial action.  The retaliation against Plaintiff escalated when Plaintiff advised Macy's and Bloomingdale's that

she had retained counsel to seek redress of her claims of gender discrimination and harassment.

8.       Among other things, Macy's conditioned Plaintiff's continued employment upon her agreement to return to work in a hostile and dangerous environment where Blazek was both her supervisor and General Manager in charge of the Bloomingdale's store in Willow Grove, PA.  While Plaintiff was out processing the trauma with her therapist and family and preparing to file for FMLA leave, the Defendants, among other things, ostracized her from her team, excluded her from meetings, conference calls, and critical email communications, and further failed to provide her with critical information about her department, issues relating to the unfolding crisis surrounding COVID-19, and otherwise acted to undermine her authority and continued employment.   Macy's ultimately terminated Plaintiff's employment while continuing to employ Blazek, despite having full knowledge of his engagement in unlawful acts including harassment, assault, battery, and false imprisonment.

9.       In sum, Defendants, by and through its agents and employees, including Rodger Blazek, violated, *inter alia*, Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act by creating a hostile work environment that was severe or pervasive enough to change the conditions of employment and create an abusive environment.  Further, in response to Plaintiff's complaints about the hostile work environment created by Blazek, Defendants Macy's, and Bloomingdale's failed to act to protect the Plaintiff. Instead, Macy's and Bloomingdale's sought to degrade and discredit the Plaintiff through the baseless and offensive suggestion that she "asked for" the harassment and assault by the way she dressed or presented herself.  Such a tactic is commonly used to silence victims and protect predators in corporate cultures where there is systemic misogyny.  When Plaintiff asserted her rights and notified Defendant that she had engaged counsel to address the

unlawful conduct described herein, Defendant retaliated by ostracizing, marginalizing, and ultimately terminating Plaintiff's employment.

## PARTIES

10.     Plaintiff Christen Goldstein-Shafkowitz is, and at all times relevant to this Complaint has been, a resident of the Commonwealth of Pennsylvania.

11.     Defendant Macy's, Inc. is a corporation incorporated under the laws of the State of Delaware.  At all times relevant to this Complaint, Defendant Macy's, Inc. has continuously done business in the Commonwealth of Pennsylvania and had at least fifteen (15) employees.

12.     Defendant Bloomingdale's, Inc. is a wholly owned subsidiary of Macy's, Inc., which, at all times relevant to the Complaint, has continuously done business in the Commonwealth of Pennsylvania and continuously had at least fifteen (15) employees.

13.     Defendant Rodger Blazek is, and at all relevant times has been, General Manager employed by Macy's and Bloomingdale's and is a resident of the State of New Jersey.

## JURISDICTION

14.     The Court has jurisdiction over this action under 28 U.S.C. § 1331.

15.     This is an employment discrimination lawsuit based on Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et. seq.*, for employment discrimination based on gender and/or sex.

16.     This Court has personal jurisdiction over Macy's and Bloomingdale's as they systematically and continuously engage in substantial interstate commercial conduct and business activity within Pennsylvania and maintain a principal place of business in Pennsylvania, and because the case arises, in whole or in part, out of Macy's and

Bloomingdale's unlawful conduct within this District. Bloomingdale's and Macy's have continuously been engaged in an industry affecting commerce for the purposes of Sections 701(b), (g), and (h) of Title VII (42 U.S.C. §§ 2000e(b), (g) and (h)) of the Pennsylvania Human Relations Act, 43 P.S. § 954.

17.     Blazek is sued in his individual capacity under Section 955(e) of the Pennsylvania Human Relations Act, which makes it an unlawful discriminatory practice for any person to aid, abet, incite, compel, or coerce the doing of any act declared by that section to be an unlawful discriminatory practice. This Court has personal jurisdiction over Defendant Rodger Blazek because the case arises in part out of Defendant Rodger Blazek's unlawful conduct within this District.

18.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1), in that this is a civil action between Plaintiff, a citizen of Pennsylvania, Defendants Macy's and Bloomingdale's, which are citizens of the State of Delaware, and Defendant, Blazek, who is a citizen of the State of New Jersey, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**<u>VENUE</u>**

19.     Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391(b), as the unlawful employment acts and practices complained of by Plaintiff were committed in whole, or in part, within this District.

20.     Macy's and Bloomingdale's also operate multiple places of business in this District.

21.     At all times relevant to this Complaint, Blazek has and continues to work for Bloomingdale's and Macy's in this jurisdiction. In addition, Blazek committed the unlawful acts alleged within this jurisdiction.

**ADMINISTRATIVE PREREQUISITES TO SUIT**

22.     Plaintiff timely filed a Charge of Discrimination on July 23, 2020 with the Equal Employment Opportunity Commission ("EEOC"), alleging violations of Title VII of the Civil Rights Act of 1964, including, but not limited to, violations of sex discrimination, harassment, and retaliation.  A true and correct copy of Plaintiff's Charge of Discrimination is attached hereto and incorporated herein as **Exhibit "A"**.

23.     Plaintiff's Charge was contemporaneously dual filed with the Pennsylvania Human Relations Commission ("PHRC").

24.     On August 18, 2019, the U.S. Equal Employment Opportunity Commission issued a Notice of Right to Sue to Plaintiff under Title VII of the Civil Rights Act of 1964.  A true and correct copy of the Notice of Right to Sue is attached hereto and incorporated herein as **Exhibit "B"**.

**FACTUAL BACKGROUND**

25.     Plaintiff is a forty-six-year-old (46) woman with over twenty years' retail experience who began working for Macy's and Bloomingdale's in October of 2018 as a Business Manager at Bloomingdale's location in Willow Grove, Pennsylvania.

26.     Tasked with overseeing various departments within her store, including, among others, the children's department, the swimwear department, and the "Young East Siders" department, Plaintiff transformed a struggling group of business units into units with $6 million in volume.  In addition, Plaintiff assumed an event planning role in connection to Defendant's fashion shows and participated in Defendant's community outreach program.

27.     In January of 2020, Blazek, a former Vice President of Operations working at the corporate offices of Bloomingdale's and Macy's, was demoted to become the General Manager of Plaintiff's store.

28.     Carolyn Tanis ("Tanis") then a Group Selling Manager for the Corporate Defendants was assigned to report directly to Blazek. Tanis, in turn, directly supervised Plaintiff.

29.     From the first week of Blazek's tenure as General Manager at Bloomingdale's in Willow Grove, PA, he began creating a sexually hostile work environment.  From the start, Blazek commented on the appearance of female subordinates and suggestively discussed (and inquired about) personal and intimate matters.   In addition to his ongoing sexual commentary, Blazek regularly touched and hugged his female subordinates while on the job.

30.     Defendant Blazek did not even attempt to hide his egregious conduct.

31.     It is believed, and therefore averred, that Defendant Blazek was unconcerned with the possible consequences of his actions as he knew he was protected by those at the top rungs of the organization, including his wife (who holds a high-level position with the Corporate Human Resources unit of Macy's and/or Bloomingdale's).

32.     Indeed, it was common knowledge to Blazek's female subordinates at Bloomingdale's Willow Grove store, that Defendant Blazek's wife was (and remains) a high-level corporate Human Resources representative who wields power well above that of the local Human Resources representatives.

33.     It is believed, and therefore averred, that Macy's and Bloomingdale's were aware of the sexually hostile work environment created by Defendant Blazek before this inappropriate and unlawful conduct escalated to a level of assault and battery.

34.     It is believed, and therefore averred, that the local Human Resources Manager at the Bloomingdale's Willow Grove location, Isabelle Howard, was herself a victim of Blazek's sexual harassment.

35.     It is believed, and therefore averred, that Blazek used his power and connections to silence and intimidate the various victims of his unlawful sexual harassment who feared retaliation.

36.     On February 8, 2020, after leaving a meeting at the executive offices, Blazek walked behind Plaintiff, grabbed her by both of her arms, pulled her into him, put his nose directly onto her neck, smelled her, and told her that she "smelled incredible."  Plaintiff was stunned and afraid.

37.     To Plaintiff's relief, another co-worker, Briana Creter ("Creter"), had emerged from the executive meeting and, upon seeing her, Plaintiff quickly left the area with her.  As they walked away, Creter asked Plaintiff what happened and was devastated to hear what had just transpired.

38.     Several minutes later, Plaintiff and her co-worker were on the escalator and headed to a lower level of the building; Blazek was on the step below Plaintiff, blocking her ability to move.  As Plaintiff looked down, she saw Defendant Blazek's gaze fixated on her breasts.  Blazek then proceeded to grab at and touch Plaintiff's breast.  Plaintiff was stunned, humiliated, horrified, and afraid.

39.     The next day, Plaintiff had an afternoon "touch base" meeting scheduled with Blazek at his office.  Plaintiff feared that if she did not attend the meeting, her employment would be terminated.

40.     Upon entering Defendant Blazek's office, Plaintiff purposely left the door open and sat at the table while Blazek sat behind his desk.  Immediately, Blazek got up from his seat, closed the office door, and sat at the table next to Plaintiff.

41.     While Blazek had led Plaintiff to believe that the subject of the meeting was the performance of the various departments she managed, Blazek's sole focus of the conversation was the Intimate Apparel Department.  Blazek asked Plaintiff what articles of

lingerie she considered "sexy" and whether "women [her] age wore lingerie."  When Plaintiff told Blazek that she was forty-six years old, Blazek responded by saying "I don't see any women out in the mall that look like you at your age."

42.     Shortly thereafter, Plaintiff learned that she had been scheduled to close the store alone with Blazek on February 14, 2020.  The thought of being alone with Blazek caused Plaintiff significant distress.  Indeed, she hardly slept the night before this was scheduled to take place.

43.     On the day Plaintiff was tasked to close the store with Blazek, he asked Plaintiff what she was doing for dinner.  Plaintiff was afraid to be alone with Defendant Blazek and told him that she had ordered food.   Later that day, Blazek approached Plaintiff claiming that he wanted to discuss a credit application.  As before, rather than discussing a business matter, Blazek began to talk about the stylist employed by Bloomingdale's at the Willow Grove location whom he found physically attractive. When Plaintiff tried to shut the conversation down by explaining that the stylist was a good friend of hers who was loved by Plaintiff's children and husband; Defendant Blazek responded, "Well, duh!  Of course, your husband loves her!  I mean, *look* at her."

44.     Plaintiff was depressed, anxious, traumatized, and in a state of shock due to this series of events and, in that moment, felt powerless.

45.     On February 16, 2020, Plaintiff's direct supervisor Tanis' who directly reported to Defendant Blazek revealed to Plaintiff that Blazek had also been physical with her, which gave Plaintiff the strength in this time of trauma to report the sexual harassment and assault to Human Resources.

46.     The next day, Plaintiff spoke with Isabelle Howard.  After Plaintiff explained that she did not feel safe working alone with Blazek, Howard told her that she would reach

out to Defendant's corporate Human Resources and Legal Departments to have the matter investigated.

47.     Plaintiff wrote a brief statement and submitted it to Howard on February 18, 2020.  Several days later, Plaintiff received a call from one of Macy's internal investigators. After recounting the events described herein, Defendant's investigator started asking Plaintiff about what she (the victim) may have done to provoke Blazek's sexual harassment and misconduct.  For example, the investigator asked Plaintiff what she was wearing when Blazek grabbed her breast.  Upon information and belief, other employees who were interviewed as part of the "investigation" were also asked about how the Plaintiff dressed and what she may have done to "invite" the harassment and assault.

48.     After several agonizing weeks of delayed updates, Macy's, and Bloomingdale's informed Plaintiff, on March 11, 2020, that Blazek would be returning as the store's General Manager.  There was a vague claim that action was being taken.  However, Human Resources (at all levels of the organization) failed to state what alleged remedial action would be taken.

49.     What was abundantly clear to Plaintiff and the many others who had been victimized or witnessed Blazek's shameless, brazen, dangerous, and unlawful conduct was that Macy's and Bloomingdale's were welcoming him back with open arms, despite knowing that he had engaged in rampant sexual harassment, assault, battery, and false imprisonment of Plaintiff and others.

50.     Outraged that Defendants Macy's and Bloomingdale's had done nothing to protect the employees' interest in a safe workplace, Jillianne Wimmer, another Business Manager who was sexually harassed by Blazek, and Toni Pomarico, who had been required to work in this sexually hostile workplace, resigned immediately.

51.     Plaintiff knew that it was improper and unlawful to have to choose between her career and continued sexual harassment, degradation and physical danger as demanded by Macy's, Inc., and Bloomingdale's.  At the same time, she knew that her safety, as well as her mental and emotional health, would be at risk if she returned to work with Blazek.  She took vacation time to consider her next steps and process the severe emotional trauma she endured at the hand of Blazek with her therapist.

52.     March 12, 2020 marked Plaintiff's last day at the Willow Grove location prior to taking her vacation/leave.  On that day, Plaintiff met with Defendant's company-wide Head of Human Resources, Helena Gubelman, and again expressed her frustration with the Company's apparent complicity in harassment and its unlawful failure and refusal to take appropriate action to address the sexually abusive environment created by Blazek.

53.     Ms. Gubelman again confirmed Macy's and Bloomingdale's unwavering position that although they did not dispute that Defendant Blazek had engaged in the conduct at issue, they had no intention of terminating his employment.  Plaintiff was left with the choice of going back to work under Blazek's supervision or leaving her employment.

54.     As Plaintiff was reeling from the sexual harassment and abuse, Blazek returned to work. Rather than acknowledging that he had been on leave pending the conclusion of Macy's/Bloomingdale's "investigation," Blazek falsely claimed to his subordinates that he had been out because he was ill.  Blazek's false claim was supported by Human Resources and others in positions of power, again sending the message that Blazek was untouchable.  Instead of being contrite, he was again emboldened.

55.     After informing Macy's and Bloomingdale's that she had engaged counsel to pursue sexual harassment and gender discrimination charges, Plaintiff was excluded from meetings, texts, and email communications and was generally marginalized by the Defendants.

56.     As the novel Coronavirus (COVID-19) pandemic intensified in March 2020, and non-essential businesses were required to shut down, the Willow Grove store was temporarily closed.  At that time, Plaintiff, along with many other employees (with the notable exception of Blazek), were placed on furlough.

57.     When the store reopened, Defendant recalled many of its furloughed employees.  Plaintiff was not returned from furlough.

58.     On or around June 25, 2020, Plaintiff was informed that her position was eliminated.  Upon information and belief, Defendants terminated Plaintiff's employment in retaliation for the assertion of her right to be free from unlawful harassment, gender discrimination, and assault in the workplace.

59.     It is believed, and therefore averred, that Macy's and Bloomingdale's, through corporate-wide policies and practices, have and continue to cultivate a culture that protects those who engage in sexual harassment and misconduct while working to silence victims, particularly where, as here, the perpetrator has connections at high levels including (among many others) a wife in Corporate Human Resources.

60.     It is believed, and therefore averred, that permitting those who have a vested interest in keeping Blazek employed should not be tasked with the investigation and determination of appropriate remedial action.

61.     It is further believed, and therefore averred, that given the severity and pervasiveness of the alleged sexual harassment and misconduct by Blazek and his close connections with people at high levels in the organizations, including his wife who is in corporate HR, Macy's and Bloomingdale's knew that it was improper to "investigate" this matter and determine remedial action in-house as there were (and remain) substantial conflicts of interest.

62.     It is believed, and therefore averred, that Macy's and Bloomingdale's knew they should engage an independent third-party investigator to handle this matter, since they were incapable of handling it internally due to vast conflicts of interest.

63.     It is believed, and therefore averred, that Macy's and Bloomingdale's elected to move forward through the corporate Human Resources group that employs Blazek's wife so they could cover up the unlawful conduct and avoid taking appropriate remedial action.

64.     It is believed, and therefore averred, that even after Plaintiff filed formal Charges with the EEOC, Macy's and Bloomingdale's assigned an in-house attorney to address those charges, despite the fact that he has close ties to Blazek and is a material witness in this case to advocate on Defendant's behalf.

65.     It is believed, and therefore averred, that Macy's and Bloomingdale's have policies and practices in place that are designed to cover up inappropriate conduct by those in power, including Blazek, and deprive victims of a fair and effective avenue for seeking redress.

66.     It is believed, and therefore averred, that Macy's and Bloomingdale's have systemic policies and practices in place designed to punish and silence victims of unlawful sexual harassment and misconduct.

67.     It is believed, and therefore averred, that Macy's and Bloomingdale's "investigation" and refusal to take appropriate remedial action was intended to (and has) sent a clear message to other female subordinates that even unrefuted evidence of blatant, severe, and pervasive sexual harassment and misconduct by Defendant Blazek is futile.

68.     It is believed, and therefore averred, that Bloomingdale's and Macy's policies and practices are designed to have a chilling effect on other employees who may be victims of sexual harassment and misconduct by Blazek (and perhaps others), as their message is

clear; if you engage in predatory conduct, you are protected, if you are a victim of predatory conduct, you will be punished and silenced.

**COUNT I**
**SEXUAL HARASSMENT AND SEXUAL DISCRIMINATION IN VIOLATION OF TITLE VII**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**MACY'S, INC., and BLOOMINGDALE'S**

69.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

70.     Title VII of the Civil Rights Act of 1964, 42 U.S.C., § 2000 *et seq*, as amended by the Civil Rights Act of 1991, makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender or sex.

71.     Plaintiff is a female.

72.     Defendant Macy's, Inc. and Bloomingdale's are liable for unlawful discrimination alleged herein under the doctrine of *respondeat superior*.

73.     Sexual harassment that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under Title VII as sexual or gender-based discrimination.

74.     With respect to allegations of sexual harassment, Macy's Inc. and Bloomingdale's are strictly liable for the acts of their supervisory employees because the harassers, namely Blazek, used their actual or apparent authority to further the unlawful conduct and otherwise aided in accomplishing the unlawful conduct by the existence of an agency relationship.

75.     Defendant Macy's, Inc. and Bloomingdale's are liable for the acts of management and co-workers of Plaintiff Christen Goldstein Shafkowitz because Defendant Macy's, Inc. and Bloomingdale's provided no reasonable avenue of complaint.

76.     Defendant Macy's Inc. and Bloomingdale's were made aware of this sexual harassment through complaints raised by Plaintiff and other female colleagues to Human Resources.

77.      Defendants had no reasonable avenue of complaint, reporting, or training for employees or management to prevent the unwanted advances of Defendant Blazek, and Defendant Macy's and Bloomingdale's failed to properly investigate and remedy the reported sexual harassment.

78.     The hostile work environment was sufficiently severe and pervasive so as to significantly alter the terms, conditions and privileges of Plaintiff's employment in violation of Title VII by forcing her to choose between continued employment and her right to be free from harassment, assault, and battery in the workplace.

79.     Based upon the foregoing, Defendant Macy's and Bloomingdale's have discriminated against Plaintiff on the basis of her sex and has deprived her of her rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*.

80.     As a result of such conduct by Defendant Macy's, Inc. and Bloomingdale's, Plaintiff has suffered damages and is entitled to back pay, front pay, and compensatory damages for, among other things, Depressive Disorder, Anxiety, Insomnia, emotional trauma, and the physical consequences thereof suffered by Plaintiff as a consequence of Defendant Macy's, Inc. and Bloomingdale's unlawful conduct.

81.     Because Defendant Macy's and Bloomingdale's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of her federally protected rights, Plaintiff is entitled to an award of punitive damages against Defendant Macy's and Bloomingdale's.

**COUNT II**
**SEXUAL HARASSMENT AND SEXUAL DISCRIMINATION IN**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**MACY'S, INC., and BLOOMINGDALE'S**

82.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

83.     The Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq*. makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on gender or sex.

84.     Plaintiff is a female.

85.     Defendant Macy's and Bloomingdale's are liable for discrimination alleged herein under the doctrine of *respondeat superior*.

86.     Sexual harassment that creates an abusive and hostile work environment, such that the conditions of employment are altered, is actionable under the Pennsylvania Human Relations Act, as sexual or gender-based discrimination.

87.     With respect to allegations of sexual harassment, Defendant Macy's and Bloomingdale's and strictly liable for the acts of its supervisory employees, including, but not limited to, Defendant Rodger Blazek because he used his actual or apparent authority to further the unlawful conduct and was otherwise aided in accomplishing the unlawful conduct by the existence of an agency relationship.

88.     Defendants Macy's, Inc. and Bloomingdale's are liable for the acts of Defendant Blazek because Macy's and Bloomingdale's provided Plaintiff no reasonable avenue of complaint.

89.     Defendants Macy's, Inc. and Bloomingdale's are liable for the acts of management and co-workers, including Defendant Blazek, because they were made aware of this sexual harassment by multiple complaints by, *inter alia*, the Plaintiff and other female employees who were subjected to Blazek's sexual harassment.

90.     Plaintiff had no reasonable avenue of complaint or reporting to prevent the unwanted advances of Defendant Blazek, and Defendants Macy's and Bloomingdale's failed to properly investigate and remedy the reported sexual harassment.

91.     Defendant Macy's, Inc. and Bloomingdale's are liable for the acts alleged herein because the Defendant Macy's, Inc. and Bloomingdale's and Defendant Rodger Blazek established a corporate culture which encouraged sexual discrimination and harassment by providing no reasonable avenue of complaint or prevention.

92.     The hostile work environment was sufficiently severe and pervasive so as to significantly alter the terms, conditions, and privileges of Plaintiff's employment in violation of the Pennsylvania Human Relations Act.

93.     Based upon the foregoing, Defendant Macy's, Inc., and Bloomingdale's have discriminated against Plaintiff based on her sex and have deprived her of her rights in violation of Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq*.  As a result of such conduct by Defendants Macy's, Inc. and/or Bloomingdale's, Christen Goldstein-Shafkowitz has suffered damages and is entitled to back pay, front pay, and compensatory damages for, among other things, Depressive Disorder, Anxiety, Insomnia, emotional trauma, and the physical consequences thereof suffered as a direct result of Defendants' illegal conduct.

94.     Because Macy's, Inc. and Bloomingdale's discriminatory treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's state protected rights, Plaintiff is entitled to an award of punitive damages against Defendant Macy's, Inc., and Bloomingdale's.

**COUNT III**
**SEXUAL HARASSMENT AND SEXUAL DISCRIMINATION IN**
**VIOLATION OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**ROGER BLAZEK**

95.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

96.     The Pennsylvania Human Relations Act, 43 P.S. § 955 *et seq*. makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment based on gender or sex.

97.     The PHRA has specific provisions that contemplate individual liability for unlawful discriminatory practices. See Section 5(d), 43 P.S. § 955(d) (prohibiting retaliation), and Section 5(e), 43 P.S. § 955(e) (aiding and abetting).

98.     While holding that an individual employee cannot be held liable under Title VII, the Third Circuit has recognized that individuals are proper defendants under § 955(e) of the PHRA.  Dici v. Com. of Pa., 91 F.3d 542 (3d Cir. 1996). See Section III.B.1.b.

99.     Defendant Blazek violated Section 5(d), 43 P.S. § 955(d), of the PHRA by retaliating against Plaintiff for her complaints about his unlawful gender discrimination and sexual harassment.

100.    Defendant Blazek violated Section 5(e), 43 P.S. § 955(e), of the PHRA by aiding and abetting agents and employees of Macy's and Bloomingdale's in perpetuating his sexual harassment, gender discrimination, assault, battery, and false imprisonment of Plaintiff, along with the retaliation and coverup that followed.

**COUNT IV**
**WRONGFUL SUPERVISION AND RETENTION OF DEFENDANT RODGER BLAZEK IN VIOLATION OF PENNSYLVANIA COMMON LAW**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**MACY'S, INC. AND BLOOMINGDALE'S**

101.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

102.     Pennsylvania common law provides for the tort of wrongful supervision and retention of an employee.  Brezenski v. World Truck Transfer, Inc., 755 A.2d 36 (Pa. Super. 2000); Dempsey v. Walso Bureau, Inc., 246 A.2d 418 (Pa. 1968).

103.      Plaintiff reported the inappropriate and unlawful conduct of Defendant Rodger Blazek to Defendants Macy's, Inc., and Bloomingdale's.

104.     It was reasonably foreseeable that Defendant Blazek would continue his wrongful conduct as previously reported to the management of Defendants Macy's, Inc., and Bloomingdales.

105.     Because Defendants Macy's, Inc. and Bloomingdale's treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's common law rights, Plaintiff is entitled to an award of punitive damages against Defendants Macy's, Inc. and Bloomingdale's and Defendant Rodger Blazek.

**COUNT V**
**NEGLIGENT SUPERVISION AND RETENTION OF DEFENDANT RODGER BLAZEK IN VIOLATION OF PENNSYLVANIA COMMON LAW**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**MACY'S, INC., and BLOOMINGDALE'S**

106.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

107.    Pennsylvania common law recognizes the tort of negligent supervision and retention of an employee.  Brezenski v. World Truck Transfer, Inc., 755 A.2d 36 (Pa. Super. 2000); Dempsey v. Walso Bureau, Inc., 246 A.2d 418 (Pa. 1968).

108.    Plaintiff reported the conduct of Defendant Blazek to Defendants Macy's, Inc., and Bloomingdale's.

109.    Given Blazek's history of blatant, pervasive, and well-known sexual harassment and impropriety in the workplace, as well conduct explicitly reported to the management of Macy's, Inc. and Bloomingdale's that preceded his assault, battery, and false imprisonment of Plaintiff, Defendants are liable in negligence for the failure to exercise ordinary care to prevent intentional harm to Plaintiff by Rodger Blazek.

110.    Because Defendants Macy's, Inc., Bloomingdale's, and Rodger Blazek's treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's common law rights, Plaintiff is entitled to an award of punitive damages against Defendants Macy's, Inc. and Bloomingdale's and Defendant Rodger Blazek.

**COUNT VI**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IN VIOLATION OF**
**PENNSYLVANIA COMMON LAW**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**RODGER BLAZEK**

111.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

112.    Pennsylvania common law recognizes a cause of action for intentional infliction of emotional distress, which makes unlawful certain extreme and outrageous conduct, including False Imprisonment pursuant to 18 Pa.C.S. § 2903, that results in severe emotional distress and was intended or committed with a disregard for a substantial probability of

causing such distress. <u>Motheral v. Burkhart</u>, 583 A.2d 1180 (Pa. Super. 1990); RESTATEMENT (Second) of Torts, § 46 (1965).

113.    Defendant Blazek is liable for intentional infliction of emotional distress toward Plaintiff based on the conduct alleged herein, including, but not limited to, his sexual discrimination, harassment, assault, battery, false imprisonment, and retaliatory conduct toward Plaintiff.

114.    As a result of Defendant Blazek's conduct, Plaintiff was forced out of a career she loved, became tense, nervous, irritable, trembling, depressed, and has suffered great mental anguish that has included mental and physical suffering and inconvenience, including, but not limited to, Depressive Disorder, Anxiety and Insomnia.

115.    Because Defendant Blazek's treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's common law rights, Plaintiff is entitled to an award of punitive damages against Defendants Macy's, Inc. and Bloomingdale's and Defendant Blazek.

<u>COUNT VII</u>
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS IN VIOLATION OF
PENNSYLVANIA COMMON LAW
CHRISTEN GOLDSTEIN SHAFKOWITZ
vs.
MACY'S INC. and BLOOMINGDALE'S**

116.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

117.    Pennsylvania common law recognizes a cause of action for intentional infliction of emotional distress, which makes unlawful certain extreme and outrageous conduct, including false imprisonment pursuant to 18 Pa.C.S. § 2903, that results in severe emotional distress and was intended or committed with a disregard for a substantial probability of causing such distress. <u>Motheral v. Burkhart</u>, 583 A.2d 1180 (Pa. Super. 1990); RESTATEMENT (Second) of Torts, § 46 (1965).

118.     Defendants Macy's and Bloomingdales are liable for intentional infliction of emotional distress toward Plaintiff based on the conduct alleged herein, including, but not limited to, the fact that they knowingly and intentionally permitted Defendant Blazek to engage in a continuing course of sexual discrimination, harassment, assault, battery, false imprisonment, and retaliatory conduct toward Plaintiff.  Further, Defendants retaliated against Plaintiff, sought to cover up and/or excuse Blazek's misconduct, failed and refused to properly investigate and remedy the situation, and sought (at every turn) to discredit and silence Plaintiff while protecting her abuser, Defendant Blazek.

119.     As a result of Macy's and Bloomingdale's intentional acts, Plaintiff was forced out of a career she loved, became tense, nervous, irritable, trembling, depressed and has suffered great mental anguish that has included mental and physical suffering and inconvenience, including, but not limited to, Depressive Disorder, Anxiety and Insomnia.

**COUNT VIII**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS IN VIOLATION OF**
**PENNSYLVANIA COMMON LAW**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**MACY'S INC. and BLOOMINGDALES**

120.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

121.     Pennsylvania common law recognizes a cause of action for negligent infliction of emotional distress, which makes unlawful the failure to exercise due care for the protection of others against unreasonable risk, or which constitutes an unintentional breach of a legal duty causing damage which is foreseeable and without which the damage would not have occurred.  This includes the actions alleged herein, that result in severe emotional distress. Smith v. School Dist. of Philadelphia, 112 F.Supp. 2d 417, 428 (E.D. Pa. 2000).

122.    Macy's, Inc., and Bloomingdale's are liable for the alleged acts of negligent infliction of emotional distress herein under the doctrine of *respondeat superior* and because of their intentional, reckless, and negligent acts as described above.

123.    By their actions alleged herein, Macy's, Inc. and Bloomingdale's and its General Manager, Defendant Blazek owed Plaintiff a cognizable duty of care.

124.    It is foreseeable that Macy's, Inc. and Bloomingdale's and Defendant Rodger Blazek failed to exercise due care to protect Plaintiff, and without such breach of the duty of care, Plaintiff would have never suffered (or continue to suffer) foreseeable severe emotional distress, including but not limited to, Depressive Disorder, Anxiety and Insomnia.

125.    As a result of Macy's, Inc. and Bloomingdale's conduct (and the conduct of its General Manager, Defendant Blazek), Plaintiff has become tense, nervous, irritable, depressed and has suffered great mental anguish that has included mental and physical suffering and inconvenience, including but not limited to Depressive Disorder, Anxiety and Insomnia.

126.    Because Macy's, Inc., Bloomingdale's, and Blazek's treatment of Plaintiff was willful and in reckless disregard of Plaintiff's common law rights, Plaintiff is entitled to an award of punitive damages against Defendants Macy's, Inc. and Bloomingdale's and Defendant Blazek.

**COUNT IX**
**FALSE IMPRISONMENT IN VIOLATION OF PENNSYLVANIA COMMON LAW**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**RODGER BLAZEK**

127.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

128.    Pennsylvania common law recognizes a cause of action for false imprisonment which consists of the unlawful detention of another person, for any length of time, whereby he

or she is deprived of his or her personal liberty.  <u>Gagliardi v. Lynn</u>, 285 A.2d 109, 111 n. 2 (Pa. 1971); <u>Leckey v. Presbyterian Univ. Hosp.</u> (Pa. Super. 2015).

129.    Blazek is liable for the alleged false imprisonment as he intentionally blocked Plaintiff's ability to escape his acts of assault and battery by trapping her on an escalator from which she was unable to escape and later trapping her in an office under false pretenses where he continued with his acts of harassment and intimidation toward Plaintiff, who reasonably perceived that she could not escape without being further trapped and perhaps again assaulted by Defendant Blazek.

130.    As a result of Defendant Blazek's conduct, Plaintiff suffered such false imprisonment and is entitled to an award of all damages this Honorable Court deems just.

131.    Because Defendant Blazek's treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff's common law rights, Plaintiff is entitled to an award of punitive damages against Defendant Blazek.

**<u>COUNT X</u>**
**FALSE IMPRISONMENT IN VIOLATION OF PENNSYLVANIA COMMON LAW**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**MACY'S, INC., and BLOOMINGDALE'S**

132.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

133.    Macy's, Inc., and Bloomingdale's are liable for alleged false imprisonment herein under the doctrine of *respondeat superior*; and because based on Blazek's prior conduct and known proclivities, Macy's and Bloomingdale's could have prevented the acts of false imprisonment by taking appropriate remedial action to stop Blazek.

134.     Defendant Blazek's actions, as alleged herein, caused Plaintiff to be unlawfully detained, for any length of time, whereby Plaintiff was deprived of her personal liberty in violation of Pennsylvania law.

135.     Given Defendants Macy's, Inc. and Bloomingdale's and Defendant Blazek's knowledge of blatant, severe, and pervasive sexual harassment against Plaintiff and others prior to the date of the false imprisonment, as well as the known tendencies and proclivities of Defendant Blazek, Defendants Macy's, Inc. and Bloomingdale's could have prevented such false imprisonment.

136.     As a result of Defendants Macy's, Inc. and Bloomingdale's and Defendant Blazek's conduct, Plaintiff suffered such false imprisonment and is entitled to an award of all damages the court deems just.

137.     Because Defendants Macy's, Inc. and Bloomingdale's and Defendant Blazek's treatment of Plaintiff was willful and/or in reckless disregard of Plaintiff common law rights, Plaintiff is entitled to an award of punitive damages against Defendant Macy's, Inc., Bloomingdale's, and Defendant Blazek.

**COUNT XI**
**ASSAULT IN VIOLATION OF PENNSYLVANIA COMMON LAW**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**RODGER BLAZEK**

138.     Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

139.     Pennsylvania common law recognizes a cause of action for assault which consists of the intentional placing of another party in fear of imminent harmful or offensive conduct.

140.    As described throughout this Complaint, Defendant Blazek assaulted Plaintiff on multiple occasions.

141.    As a result of Defendant Blazek's conduct, Plaintiff was placed in fear of imminent harmful or offensive conduct and is entitled to all damages that this Honorable Court deems just.

142.    Because Defendant Blazek's treatment of Plaintiff was willful and in reckless disregard of Plaintiff's common law rights, Plaintiff is entitled to an award of punitive damages against Defendant Blazek.

<u>COUNT XII</u>
**ASSAULT IN VIOLATION OF PENNSYLVANIA COMMON LAW**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs**
**MACY'S, INC. and BLOOMINGDALE'S, INC.**

143.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

144.    Pennsylvania common law recognizes a cause of action for assault which consists of the intentional placing of another party in fear of imminent harmful or offensive conduct.

145.    As described throughout this Complaint, Defendant Blazek assaulted Plaintiff on multiple occasions.

146.    As a result of Defendant Blazek's conduct, Plaintiff was placed in fear of imminent harmful or offensive conduct and is entitled to all damages that the Court deems just.

147.    Macy's Inc. and Bloomingdale's are liable for alleged assault herein under the doctrine of *respondeat superior*; and because, based on Blazek's prior conduct and known proclivities, Macy's and Bloomingdale's could have prevented the acts of assault and battery by taking appropriate remedial action to stop Blazek.

148.    Defendant Rodger Blazek's actions described hereinbefore caused Plaintiff to suffer physical assault in violation of Pennsylvania law.

149.    Given Macy's, Inc.'s and Bloomingdale's knowledge of Defendant Blazek's prior severe and pervasive sexual harassment and misconduct, Defendant Macy's, Inc., and Bloomingdale's could have reasonably anticipated and could have prevented such assaults.

150.    Because Defendant Macy's, Inc. and Bloomingdale's treatment of Plaintiff was willful and in reckless disregard of Plaintiff's common law rights, Plaintiff is entitled to an award of punitive damages against Defendant Macy's, Inc., and Bloomingdale's.

<u>COUNT XIII</u>
**BATTERY IN VIOLATION OF PENNSYLVANIA COMMON LAW**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**MACY'S, INC. and BLOOMINGDALE'S**

151.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

152.    Pennsylvania common law recognizes a cause of action for battery which consists of the intentional physical contact upon a party without that party's consent.

153.    Macy's, Inc., and Bloomingdale's are liable for alleged battery herein under the doctrine of *respondeat superior*.

154.    Defendant Blazek's intentional actions described hereinbefore without the consent of Plaintiff caused her to suffer physical assault in violation of Pennsylvania law.

155.    Given Macy's, Inc., and Bloomingdale's knowledge of the nature of incidents between Plaintiff and Defendant Blazek, Defendant Macy's, Inc., and Bloomingdale's could have reasonably anticipated (and could have prevented) such battery.

156.    As a result of Defendant Macy's, Inc., Bloomingdale's, and Defendant Blazek's conduct, Plaintiff suffered such offensive physical contact without her consent.

157.   Because Defendant Macy's, Inc. and Bloomingdale's treatment of Plaintiff was willful and in reckless disregard of Plaintiff's common law rights, Plaintiff is entitled to an award of punitive damages against Defendant Macy's, Inc., and Bloomingdale's.

**COUNT XIV**
**BATTERY IN VIOLATION OF PENNSYLVANIA COMMON LAW**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**RODGER BLAZEK**

158.   Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

159.   Pennsylvania common law recognizes a cause of action for battery which consists of the intentional physical contact upon a party without that party's consent.

160.   Defendant Blazek's intentional actions described hereinbefore without the consent of Plaintiff caused her to suffer physical assault in violation of Pennsylvania law.

161.   As a result of Defendant Blazek's conduct, Plaintiff suffered such offensive physical contact without her consent.

162.   Because Defendant Blazek's treatment of Plaintiff was willful and in reckless disregard of Plaintiff's common law rights, Plaintiff is entitled to an award of punitive damages against Defendant Blazek.

**COUNT XV**
**UNLAWFUL RETALIATION IN VIOLATION**
**OF THE PENNSYLVANIA HUMAN RELATIONS ACT**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**MACY'S, INC., BLOOMINGDALE'S, & RODGER BLAZEK**

163.   Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

164.   It is an unlawful employment practice for an employer to retaliate against an employee because the employee has opposed any practice made unlawful under the PHRA

or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the PHRA.  43 P.S. § 955(d).

165.    Plaintiff engaged in activity protected by the PHRA by opposing the discriminatory conduct of Defendant Blazek.

166.    Macy's, Inc., and Bloomingdale's engaged in unlawful retaliation by taking materially adverse action against Plaintiff as a direct consequence of Plaintiff's decision to engage in protected activity, in violation of 43 P.S. § 955(d).

**COUNT XVI**
**UNLAWFUL RETALIATION IN VIOLATION**
**OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964**
**CHRISTEN GOLDSTEIN SHAFKOWITZ**
**vs.**
**MACY'S, INC., BLOOMINGDALE'S, & RODGER BLAZEK**

167.    Plaintiff incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

168.    Plaintiff engaged in protected activity protected by Title VII by opposing the discriminatory conduct of Defendant Blazek.

169.    Macy's, Inc. and Bloomingdale's engaged in unlawful retaliation by taking materially adverse action against Plaintiff as a direct consequence of Plaintiff's decision to engage in protected activity, in violation of Title VII.

170.    Plaintiff suffered damages as a result of Defendants' unlawful retaliatory actions, including, *inter alia*, emotional distress.

171.    Defendants intentionally violated Plaintiff's rights under Title VII with malice of reckless indifference, and, as a result, are liable for punitive damages.

**WHEREFORE**, Plaintiff Christen Goldstein-Shafkowitz requests that this Honorable Court find in her favor and against Defendants Macy's, Inc., Bloomingdale's, and Rodger Blazek as follows:

a.  Declare that, pursuant to Count I hereof, the acts and conduct of Defendants Macy's, Inc., Bloomingdale's, and Rodger Blazek violated Title VII of the Civil Rights Act of 1964 and 1991.

b.  Declare that, pursuant to Counts II hereof, the acts and conduct of Defendants Macy's, Inc., Bloomingdale's, and Blazek violated the Pennsylvania Human Relations Act.

c.  Declare that, pursuant to Counts III through XIII hereof, that acts, and conduct of Defendants Macy's, Inc., Bloomingdale's, and Rodger Blazek violated Plaintiff Plaintiff's rights under the Pennsylvania common law.

d.  Award Plaintiff Christen Goldstein-Shafkowitz the value of all compensation, compensation for injuries, and benefits lost because of Defendants Macy's, Inc., Bloomingdale's, and Rodger Blazek's unlawful conduct, violation of Title VII of 1964 Civil Rights Act, the Pennsylvania Human Relations Act, Act Of 1955, P.L. 744, No. 222, as amended June 25, 1997 by Act 34 of 1997,43 P.S. §§ 951- 963 and Pennsylvania common law including, but not limited to, back pay, reinstatement or, in lieu of reinstatement, front pay, personal injury damages, liquidated damages, punitive damages, special damages, interest, costs and attorney's fees; and

e.  Award Plaintiff Christen Goldstein-Shafkowitz such other relief as this Honorable Court deems just and proper.

### **JURY DEMAND**

Plaintiff demands a trial by jury as to all issues triable by a jury raised herein.

Respectfully submitted,

**SIMON LAW FIRM, LLC**

Dated: <u>November 16, 2020</u>                    By:     <u>/s/ Jessamyne M. Simon</u>
                                                             Jessamyne M. Simon, Esquire
                                                             Attorney I.D. No. 51417
                                                             Two Bala Plaza, Suite 300
                                                             Bala Cynwyd, PA 19004
                                                             P | 610-660-7716
                                                             E | jesssimon@jsimonlaw.com
                                                             Attorney for Plaintiff